**FILED**

FEB 2 1 2008 *aew*

**Feb 21 2008**

MICHAEL W. DOBBINS

CLERK, U.S. DISTRICT COURT.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

United States of America ex rel.                    )

_Michael T Corbett 20070064752_                    )

(Full name and prison number)                       )
(Include name under which convicted)                )
                                                    )
PETITIONER                                          )        CASE

                                                )   NO: _____

                                                        (Supplied by Clerk of this Court)
                                                    )
         vs.                                        )
                                                    )
_Sheriff Thomas Dart_                              )
(Warden, Superintendent, or authorized              )
person having custody of petitioner)                )
                                                    )   **08CV1079**
RESPONDENT, and                                     )   **JUDGE KENDALL**
                                                    )   **MAGISTRATE JUDGE SCHENKIER**
**(Fill in the following blank only if judgment         )
attacked imposes a sentence to commence            )
in the future)**                                    )
                                                    )
ATTORNEY GENERAL OF THE STATE OF                    )   Case Number of State Court Conviction:
                                                    )
_____                )   _07 MC 006 0044 - 01_
(State where judgment entered)                      )

                                            _To Review Bond_

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: _Cook County Court, 10220 S 76th_
_Ave. Bridgeview, In 60455_

2. Date of judgment of conviction: _N/A_

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

_Harrassing and Obscene Communications Act_

4. Sentence(s) imposed: _NA_

5. What was your plea?  (Check one)       (A)  Not guilty        (X)
                                          (B)  Guilty           (  )
                                          (C)  Nolo contendere  (  )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

    _NA_

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

*NA* 1.  Kind of trial:  (Check one):  Jury ( )  Judge only ( )  No Trial (X)

*NA* 2.  Did you testify at trial?  YES ( )  NO  ( )

*NA* 3.  Did you appeal from the conviction or the sentence imposed?  YES ( )  NO ( )

    (A)  If you appealed, give the

        (1)  Name of court:  _____

        (2)  Result:  _____

        (3)  Date of ruling:  _____

        (4)  Issues raised:  _____

        _____

        _____

    (B)  If you did not appeal, explain briefly why not:

    _____

*NA* 4.  Did you appeal, or seek leave to appeal, to the highest state court?  YES ( )  NO ( )

    (A)  If yes, give the

        (1)  Result:  _____

        (2)  Date of ruling:  _____

        (3)  Issues raised:  _____

        _____

    (B)  If no, why not:  _____

*NA* 5.  Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No ( )

    If yes, give (A) date of petition: _____ (B) date *certiorari* was denied:  _____

Revised: 7/20/05

## PART II – COLLATERAL PROCEEDINGS

N A 1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES ( )   NO ( )

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A. Name of court: _____

B. Date of filing: _____

C. Issues raised: _____

_____

_____

D. Did you receive an evidentiary hearing on your petition?        YES ( )   NO ( )

E. What was the court's ruling? _____

F. Date of court's ruling: _____

G. Did you appeal from the ruling on your petition?        YES ( )   NO ( )

H. (a)    If yes, (1) what was the result? _____

(2) date of decision: _____

(b)    If no, explain briefly why not: _____

I. Did you appeal, or seek leave to appeal this decision to the highest state court?

YES ( )   NO ( )

(a)    If yes, (1) what was the result? _____

(2) date of decision: _____

(b)    If no, explain briefly why not: _____

3

Revised: 7/20/05

*NA* 2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?     YES ( )          NO ( )

A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

1.   Nature of proceeding          _____

2.   Date petition filed           _____

3.   Ruling on the petition        _____

4.   Date of ruling               _____

5.   If you appealed, what was
     the ruling on appeal?         _____

6.   Date of ruling on appeal      _____

7.   If there was a further appeal,
     what was the ruling ?         _____

8.   Date of ruling on appeal      _____

*NA* 3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?     YES ( )   NO ( )

A. If yes, give name of court, case title and case number: _____

_____

B. Did the court rule on your petition? If so, state

(1) Ruling: _____

(2)   Date:      _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?     YES ( )          NO ( )

If yes, explain: _____

_____

Revised: 7/20/05

## PART III – PETITIONER'S CLAIMS

1.   State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)   Ground one   _See Attached Petition_
Supporting facts (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

_____

_____


(B)   Ground two   _____
Supporting facts:

_____

_____

_____

_____

_____

_____

_____

5

(C) Ground three _____
    Supporting facts:

_____

_____

_____

_____

_____

_____

_____

(D) Ground four _____
    Supporting facts:

_____

_____

_____

_____

_____

_____

_____

N/A   2.   Have all grounds raised in this petition been presented to the highest court having jurisdiction?

      YES ( )   NO ( )

N/A   3.   If you answered **"NO"** to question (2), state <u>briefly</u> what grounds were not so presented and why not:

_____

_____

6

Revised: 7/20/05

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing  *NA* _____

(B) At arraignment and plea  *NA*    *PD* _____

(C) At trial  _____ *NA* _____

(D) At sentencing  _____ *NA* _____

(E) On appeal  _____ *NA* _____

(F) In any post-conviction proceeding  *NA* _____

(G) Other (state):  _____ *NA* _____

*NA*

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (  )   NO (  )

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____ _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____

(Date)                          Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

*Michael D. Corbett*

(Signature of petitioner)

*2007 006 4752*

(I.D. Number)

*P. O. Box 089002*
*Chicago IL  60608*

(Address)

7

Revised: 7/20/05

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel | |
| Michael J Corbett | |
| 20070064752 | |
| PETITIONER | Case |
| | No: |
| vs | |
| | |
| People of the State of Illinois | |
| Honorable Judge John Hynes | |
| Honorable Judge William Phelan | |
| Sheriff Thomas Dart | Case Number of State Court Proceeding |
| RESPONDANTS | No: 07 MC 006044-01 |

PETITION FOR WRIT OF HABEAS CORPUS TO REVIEW BOND

1) This instant case is located at

Cook County Court House

10220 S. 76th Ave. Room 206

Bridgeview, IL 60455

2) Date of Alleged Crime 7/20/07

3) Offense of which Petitioner is accused

720 ILCS 135/1-1 Harrassment by Telephone

4) Date of Arrest 8/27/07

1 of 19

5) Bail Imposed $100,000
6) Petitioner/Defendant pleads Not guilty

NOW COMES THE PETITIONER, MICHAEL J CORBETT, PROPRIA PERSONA, and petitions this Honorable Court for a Writ of Habeas Corpus and states:

Petitioner is presently confined by Respondants at the Cook County Jail in Chicago, IL, for allegedly violating the Obscence and Harrassing Telecommunications Act, also known as Harrassment by Telephone. Bail in the amount of $100,000, one hundred thousand, has been set. The Petitioner is charged with a Class B misdemeanor which normally carries a bail of $1000, one thousand. A Class B misdemeanor carries a maximum sentence of 180 days in County Jail. Pursuant to the County Jail Good Time Allowance Act, the actual sentence is 90 days. The Petitioner is unable to obtain a bond of $100,000. Petitioner is asking to be released on his own recognizance.

In support of his petition, the Petitioner sets forth the following statements of fact and law.

## FACTS AND LAW

At the time of the first draft of this petition, 12/19/07, the Petitioner had spent 115 days in County Jail for a crime he has not yet been convicted of, and which carries a maximum sentence of 90 days after good time.

2 of 19

Due to the difficulties of getting Law Library time and access to the copy machine, this draft is being written on 1/9/08. The Petitioner has served 136 days.

Assuming Petitioner recieves all Good Time Allowance, surrendered to Dupage County Jail on 8/27/07, and as of 1/9/08, Cook County Jail has not taken away any good time allowance, the Petitioner has served 272 days of a possible 180 day sentence. Assuming also Cook County Jail starts taking away the Petitioner good time allowance, they can only take away at most 30 days for any incident. Therefore, theoretically the Petitioner could commit 3 seperate murders to fall back under the 180 day sentence.

Bond has been set or adjusted 4 times in the past 136 days. On 7/25/07, bond was set at $1,000. (See attached complaint). The Petitioner was not given notice of an 8/10/07 court date and a warrant was issued. The Petitioner eventually surrendered to the Dupage County Jail on 8/27/07. On 8/28/07, the Petitioner appeared before a Judge in Bridgeview and she stated, bond stands, $100,000.

On 9/24/07, the Petitioner spoke with his First Public Defender and told him he wanted to get his bond reduced. The public defender asked what circumstances had changed (sic) and the Petitioner related that the bond was set at an Ex Parte Communication, and was entitled to

know the circumstances for the bond amount. The Petitioner appeared before Judge Hynes and the Public Defender expressed the Petitioners' wish to have his bond reduced. A date of 9/26/07 was set for this hearing.

On 9/26/07, the State told Judge Hynes of a Felony Battery committed by the Petitioner in 2005, a misdemeanor theft of services in 2005, and a misdemeanor battery in 2006. Judge Hynes let the $100,000 bond stand. The ASA that represented the State, violated the Petitioners right to a fair and impartial hearing and his due process rights mentioning arrests that resulted in no convictions. See attached Motion to Reduce Bond filed on 12/5/07.

On 10/25/07, the Petitioner spoke to his Second Public Defender② who informed the Petitioner of the States offer of 300 days in County Jail. The Petitioner informed the PD that the charge carried a maximum 180 days in jail, and 90 days after good time. The PD informed the Petitioner that he could convince the Judge to sentence the Petitioner to the maximum amount of the sentence allowed, 180 days. The Petitioner had a written "motion to dismiss" (which is attached and asked the PD to adopt the motion, which the PD refused to do.

② The Petitioner had fired his first PD, after he asked for a "bond reduction hearing", however also stating that there was No change of circumstances 4 of 19

The Petioner then informed the PD that he would proceed pro se on his motion, and ask the Judge for a ruling. The PD informed the Petitioner that if the Petitioner proceeded on this motion, he would serve more than the maximum 180 days, (90 days after good time) awaiting trial. The Petitioner asked the PD what statue would allow the Petitioner to be held past the maximum time, and the PD said he would provide the Petitioner with that information. The PD never did.

The Petitioner appeared before the Judge, along with the PD and the ASA. The PD informed the court that both he and the ASA had agreed to a continuence to 12/5/07, so that the audiotape of the answering machine message on 7/20/07 could be subpoened. The Petitioner spoke up and asked Judge Hynes for a short court date, pointing out that 12/5/07 was approximately 10 days past the maximum amount of time, the Petitioner could be sentenced to. The Judge responded that he would not interfer with the agreed upon date of the PD and the A.S.A. The Petitioner fired this PD.

On 12/5/07, a third PD informed the Petitioner that the audio tape was still not secured, however if the Petitioner would plead guilty, he could go home. After firing her, her boss spoke to the Petitioner and told him if he did not plead guilty, he would be charged with

"Threatening a Public Official". After firing him, (see attached "motion to dismiss", with the approximate transcript of the audiotape), because the Petitioner never threatened to "kill" or cause "great bodily harm" to his probation officer, the Petitioner proceeded to his hearing.

Judge Hynes heard and denied both the "Motion to Dismiss", and the "Motion to Reduce Bond" on 12/5/07, which begs the question, what constitutes "Change of Circumstances". The Petitioner went from a convicted felon with convicted moral turpitude charges, to no felony convictions and no moral turpitude charges which did not result in an aquittal

The Petitioner filed a "Demand for Jury Trial" on 12/5/07, and Judge Hynes informed the Petitioner that the trial would be held on 12/17/07. The Petitioner informed the court that there would be no way he would be ready for trial by that day.

The Petitioner is also dealing with unreasonable delays. On 9/24/07, the first Public Defender subpoened the aforementioned audiotape. On 10/25/07, the Second Public Defender again subpoened the aforementioned tape. On 12/5/07, the tape still was not secured by either the State or the Defense, despite the fact, the tape was approximately 1000 feet from the court room.

6 of 19

On 12/17/07, the tape was finally secured by the State. It took 86 days to subpoena a court ordered audio tape. The audio tape traveled approximately 11.6 feet a day under order of court to be produced

On 12/17/07, the State told the Court that the Petitioner would not be a good candidate for supervision (sic), because the Petitioner was refusing mental health treatment and refusing evaluation. The Petition must assume it is the same probation officer who signed the complaint who is now making such wild accusations. The Petitioner completed all evaluations with the Dupage County Mental Health Services, whose findings were no psychosis, and no history of psychosis, and who further gave the Petitioner permission to seek his own treatment for depression and anxiety from a private psychiatrist. The Petitioner has seen this doctor, once a month since.

On 12/17/07, the Petitioner asked Judge Phelan for additional law library time. While asking Judge Phelan for this, the Petitioner assumed the Judge was ordering more library time on the mitimus orders, however between 12/17/07 and 12/27/07, the Petitioner went to the law library twice. On 12/27/07, Judge Phelan appologized for not issueing an order, and then did so, ordering 5 hours of Law Library time per week. (See attached order)

7 of 19

Between 12/17/07, and 1/9/08, the Petitioner has recieved no law library time despite a Judges order, however, the Petitioner spoke with the law librarian on 1/9/08, who made a copy of such order and stated that the procedure would be for her supervisor to call the Judge (sic) who issued the order. There is no doubt in the Petitioners mind the way this case is evolving, that such an Ex Parte communication will take place, setting guide lines and limiting the Petitioners access.

On 12/17/07, the Petitioner requested from Judge Phelen, (Judge Phelens clerk), two signed and sealed copies of subpoenas, which the Petitioner would fill out and return to court for service. One for the Petitioners Dupage County Mental Health Records, and one for the Probation Officers' file on the Petitioner, both made relevant by the wild accusations. Further there is the issue of the A.S.A.'s statements to the court of the convictions of the Petitioner, 1 felony and one moral turpitude charge. (More on this issue later). Because the Petitioner has been assured that the state's computers are accurate, and the misinformation is in the Cook County's Probation Departments computers only. God forbid, is this how Dan Devine does his job? The subpoenas were not given to the Petitioner

On 12/5/07, Judge Hynes, when ruling on the Petitioners motion to reduce bail, refused, noting the Petitioners

8 of 19

words, throw her in the back seat of his car and drive her down to the Dirksen Building, (see attached, Motion (s) to Dismiss, and Reduce Bail.) The Petitioner asks this Honorable Court to take Judicial Notice of a definition of "throw" in Websters dictionary.

Throw 3) to put suddenly in a certain condition or position, as. (thrown in jail)

Additionally, Illinois law has whats known as a Peace Bond, where the Petitioner would promise to keep the peace or else be held in Jail. Judge Hynes did not even consider this, instead continues to restrain the Petitioner in Cook County Jail.

Furthermore, by denying a reasonable bail and forcing the Petitioner to be punished completely before trial, he has deprived the Petitioner his statuetory right to offer evidence in mitigation. Extreme provocation is one element a court must consider when imposing sentence.

After serving 13 months of a 2 year probation sentence, The Petitioner pled guilty to a Class A misdemeanor of an insulting and provocative battery and served 184 days in Dupage County Jail. His Judge in that case erroneously assumed that someone was injured and took away the

Petitioners' Good Time Allowance. In actuality, the Petitioner served 368 days of a possible 364 day sentence, and never should have been placed on probation, because probation _must_ be revokeable. the Petitioners' probation was transferred to Cook County. On the Petitioners 3rd visit to his Probation Officer, (Mary McCarthy, the complainant) tried to take the Petitioners DNA. (See attached "Motion to Dismiss"). The Petitioner was shown a purported computer record showing the Petitioner with a Felony conviction. The Petitioner went down to the Dupage County Clerks Office and retrieved a certified copy of the Petitioners Plea Agreement. This Plea Agreement also listed the terms of the Petitioners probation

Mary McCarthy, for reasons as yet to be determined checked the Petitioners' record and discovered that the Petitioner did not give up his DNA. What Mary McCarthy did not do was check the terms of the Petitioners probation to see f the Petitioner was ordered to give up his DNA. She arranged to have someone available to collect the Petitioners DNA on 7/20/07. When the Petitioner told Mary McCarthy that he pled guilty to a Class A misdemeanor, Mary McCarthy relied upon her own computer records to show that the Petitioner was convicted of a Felony.

The Petitioner, as soon as possible went to the Dupage County Clerks office and requested and recieved a certified copy of his plea agreement. In big block letters, it states, Class A Misdemeanor, and listed the terms of the Petitioners probation. What Mary McCarthy did not do was check the terms of the Petitioners probation, which begs the question, How can she administer the terms of the Petitioners probation?

Based upon Mary McCarthys' computer, the Petitioner asked the Clerk of Dupage County what he had to do to get a felony record conviction removed from the States' computer. The Clerk treated the Petitioner as crazy.

Based upon Mary McCarthys' computer, the Petitioner asked the Dupage County Sheriff what he had to do to get the felony record conviction removed from the States' computer. The Sheriffs Department treated the Petitioner as crazy.

Based upon Mary McCarthy's computer, the Petitioner asked the Dupage County States Attorney what he had to do to get the felony record conviction removed from the State's computer. The States Attorneys office treated the Petitioner as crazy.

Finally, based upon Mary McCarthys' computer, the Petitioner asked his original Dupage County Probation Officer what he had to do to get the felony record conviction removed from the States' computer. This probation officer said he would look into it.

A short time later, the Petitioner recieved a phone call from Mary McCarthys' supervisor, Kevin Jesse, who related to the Petitioner that the error was not in the State's computer, the State's computer accurately listed the conviction as a misdemeanor. Mary McCarthys supervisor related that the only computer(s) affected with this misinformation was the Cook County Probation Departments computer. He would not, however, admit nor deny that this was Mary McCarthy's error.

We had several conversations about Mary McCarthy trying to take the Petitioners DNA. He even offered to show the Petitioner, the states computer to prove it, however, the Petitioner had to refuse because he could not bring a tape recorder inside the building. Also, however, the Petitioner let Mary McCarthy's supervisor know that under no circumstances would he ever again talk to a Probation Officer without recording the conversation

On 9/26/07, the Petitioner, while in court in Bridgeview, for this instant case, met someone who had just pled guilty to a felony and was given probation. He had numerous court documents in his possession. One was an "Order to the Cook County Probation Department", to collect his DNA.

The Petitioner, at his violation of probation hearing, where the Dupage County Judge agreed that due to his error, he could not reincarcerate the Petitioner, ended the Petitioners' probation. The Judge also told the Petitioner that he did <u>NOT</u> order anyone to take the Petitioners DNA.

Probation Officer, Mary McCarthy, tried to take the Petitioners' DNA, based upon an erroneous computer record, more likely than not entered into by Mary McCarthy, tried to take the Petitioners DNA, without a Court Order.

It never even occured to Mary McCarthy, after discovering 13 months into the Petitioners probation, that he had never givin up his DNA., to scratch her head and ask herself, "WHY"

On 12/5/07, the Petitioner, after being denied bail even though he had already served 11 days more "PUNISHMENT" than allowed by law, asked Judge Hynes, if he could

13 of 19

have a long court date and be transferred to Lake
County to prepare for a Jury Trial, where the Petitioner
would have (almost unlimited) access to thier computerized
law library, so that the Petitioner could prepare for trial.
Judge Hynes denied the request and stated that he could
not do so.

The Petitioner asks this Honorable Court to take Judicial
Notice of the following

    730 ILCS 125/9 provides for "Use of Jail in Another County"
    When there is no jail or other penal institution in a
    county or the jail or other penal institution is
    insufficient, the sheriff may commit any person
    in his custody, either on civil or criminal process,
    to the nearest sufficient jail of another county,
    and the warden of the jail of such county shall
    recieve and confine such prisoner, until removed
    by order of the court having jurisdiction of the
    offense, or discharged by due course of law.

On 12/27/07, Judge Phelan told the Petitioner that if
he would waive his right to a jury trial, he could go
home today. The Petitioner refused. Judge Phelan,
doing his best Pontious Pilate imitation, asked the
state if there was any reason why he could not give
the Petitioner an I bond, and the state responded

14 of 19

that Mary McCarthy was afraid of the Petitioner.

## ARGUEMENT

The bail is unreasonable under the circumstances and in effect is a denial of the constitutional rights gaurenteed to the Petitioner by the Eighth and Fourteenth Amendments to the Constitution of the United States.

The function of this Court is to weigh the soundness of the trial courts' discretion in setting the Petitioners bail and to determine if the Petitioner has produced sufficient evidence to overcome the presumption or correctness of the trial courts' order.

The Petitioner acknowledges that the amount of the bond is discretionary with the trial court, but, courts have held that excessive bail "is tantamount to no bail". When a defendant is entitled to bail, he is entitled to reasonable bail. The purpose of bail is not to punish the accused but to secure his attendance to answer the charge against him.

Sub Judice, the trial courts only stated reason for keeping the bail so high is the Petitioners alleged threat of throwing his Probation Officer in the back seat of his car and driving her down to the Dirkson Building. (Citizens Arrest, Citizens Arrest).

The following information about the Petitioner should have been taken into consideration, shows that the trial court abused it's discretion.

The Petitioner has a recent prior misdemeanor battery conviction of an insulting and provocative nature, no felonies, no crimes of moral turpitude, and has already served 47 days past the maximum sentence allowed by law.

Compare the Petitioner's $100,000 bond to a current fellow detainee of the Petitioner named Carnell Tyler, who appeared before Judge Hynes in 2004 for Extortion and Kidnapping and Judge Hynes set his bail at $50,000, $5,000 to walk, despite a double murder conviction in his background

Compare also, another fellow detainee, Akeem Duncun, who is charged with 2 counts Kidnapping, Robbery, Aggravated Robbery, Armed Robbery, Home Invasion, Residential Burglery, Aggravated Unlawful Restraint, and Unlawful Restraint and his bond is $60,000, $6,000 to walk.

The only grounds left for such a high bail is the strength and character of the evidence and the likelyhood of conviction. The likelyhood of conviction is mute as the Petitioner has already served his time. As stated

in the attached Motion(s) to Dismiss, and to Reduce Bail, the trial court has already decided the guilt of the Petitioner, but however, is not the trier of fact.

Of particular concern to the Defendant is the Jury Instruction for INTENT. The law library's computer is down 95% of the time, and the law library does not carry most of the various books citing Illinois Appellate Court decisions, at best can only be described as inadequate. Most Smith Hurd, Illinois Annotated Statutes have been thouroughly excised by either Detainors or Detainees. The Law Library stopped recieving recent Appellate Court decisions when they went computerized. A typical hour for a Detainee, is shared with approximately 10 detainees, and the one computer is mostly down, one stretch of time lasting more than 10 weeks

Another concern of the Petitioner is the current reccomended instruction of Intent. The Petitioner anticipates a constitutional challenge to this version if not rewritten, for as written, a jury would have to find a Parent guilty of this crime if a parent calls their offspring and states, "if your not home in 10 minutes, you are grounded

The Obscene and Horrassing Tellecommunications Act is a crime of intent, with very few Appellate Court decisions, and the facts in this case are not in dispute, only the Petitioners "Conscious Objective". The Petitioner anticipates a long period of time just to learn the nuances of criminal intent.

The Petitioner has met his burden in showing unto the trial court that the proof of his guilt is not evident, nor presumption great, (and he has already served any possible punishment), but regardless of the quantum of said proof, the trial court erred in refusing to give further consideration to the request of the Petitioner to have the Court reduce his bond.

The Petitioner submits he has overcome the presumption of correctness of the trial courts order and, because of the foregoing facts, is being restrained of his liberty by the Respondant(s) in violation of the Constitutions of the United states and the State of Illinois.

Furthermore, the Petitioner contends that the amount of Bail has gone beyond the threshold of being used as punishment, to being used as coercion.

18 of 19

WHEREFORE, THE PETITIONER, MICHAEL J CORBETT, PROPRIA PERSONA, prays that this Honorable Court grant his Writ of Habeas Corpus and an order be entered releasing him from custody

In the alternative, the Petitioner prays that this Honorable Court order both Judges and the last 2 A.S.A.'s, to reduce to writing for the reviewing court citing both Statue and Case law, why the Petitioner is a danger to Mary McCarthy requiring his indefinate incarceration, but is not a danger if he posts $10,000 cash or pleads guilty under coercion.

RESPECTFULLY SUBMITTED, this 10th day of January, 2008

*Michael J Corbett*

I, Michael J Corbett, on oath, states that the above is within his personnel knowledge, is true and correct, and if asked to testify to it in Court, he would do so

*Michael J Corbett*  1/10/08
Michael J Corbett
11523 Villa Ct
Alsip, IL 60803
P.O. Box 089002
Chicago IL 60608
20070064752

ADDENDUM AND MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR
WRIT OF HABEAS CORPUS

On the strength and character of evidence used to justify (sic)
a $100,000 dollar bond, see

People v Arron  15 ILL App 3d 645, 305 N.E. 2d 1 (1 Dist 1973)
A __CRIMINAL__ intent is an essential element of crimes, other than
certain Non-true crimes

People v. Klick  66 ILL 2d 269, 362 NE. 2d 329 5 ILL DEC 859 (quoting)
There are, many instances when, without breaching the peace,
one may communicate with another with the possible intention
of causing a slight annoyance in order to emphasize an idea
or opinion, or to __prompt a desired course of action that one__
__is legitimately entitled to seek.__

People v Jones, 834 Ill App. 3d 421, 268 Ill. Dec, 249, 778 N.E 2d 235
(quoting) While Illinois has never specifically addressed the issue
of whether the specific __intent__ element of the crime should
be measured at the time the telephone call was placed or at
the time that the threat was made, other jurisdictions with
similar statutes have concluded that the specific intent is
to be measured at the time the call was placed. See e.g.
State v. Wilcox, 160 V+ 271, 628 A.2d 924 (1993) (trial court
erroneously instructed the jury that intent could be formed
after initiating the telephone call);                    page 1 of 4

Gormley v Director, Connecticut State Department of Probation, 632 F.2d 938 (2d Cir (980); State v. Hagen, 27 Ariz. App 722 558 P.2d 750 (1976) State v Gattis, 105 N.M. 194, 730 P.2d 497, (1986)

The reasons for this interpretation is sound and in keeping with the legislative purpose of the statue. The statue was drafted in an effort to address concerns regarding infringement on protected speech. To avoid overbreadth challenges grounded on the First Amendment, the legislature intended to make the act of making the call itself the crime rather than criminalizing the callers speech. Thus, what is proscribed under section 1-1(2) of the Act (720 ILCS 135/1-1 (2) is the conduct of making the telephone call with the requisite intent and not the mere threat that ensues.

On the mitigation of extreme provokation, see 720 ILCS 5/33-3 Official Misconduct

Official Misconduct. A ~~person~~ public officer or employee or special government agent commits misconduct when, in his official capacity or capacity as a special government agent, he commits any of the following acts (a) Intentionally or recklessly fails to perform any mandatory duty as required by law

page 2 of 4

See Also
   Official Misconduct (B)
   Knowingly performs an act which he knows he is forbidden
   by law to perform.

See Also
   Official Misconduct (c)
   With intent to obtain a personal advantage for himself
   or another, he performs an act in excess of his lawful
   authority.

It is hard for the Respondent to come to terms with the
fact that she tried to take the Respondents DNA unintention-
ally, it is most likely she was cooperating with the police
and the Respondant was a possible suspect in a crime in
the Area. For this reason, the Respondant will demand
at his next court date that the state take his DNA
so that the Respondant can clear his good name.

On Being in Jail Hampering the Preporation of the Respondants
Defense
On 1/16/08 the respondant was beat up and his legal papers stolen,
these legal papers.
On 1/18/08 the Respondant was beat up and his dentures cracked
Approximately 2/1/08 the Respondants legal paper were returned
to him, the only explanation was a gaurd gave them to another
inmate.

                                              page 3 of 4

Since 12/27/07 when the Judge ordered 5 hours per week of law library time, in the next seven weeks the Respondant has been given approximately 1½ hours of law library time

Respectfully submitted, this 7th day of Febuary, 2008

I Michael J Corbett, on oath, states the above is within his personel knowledge, is true and correct, and if asked to testify to it in Court, he would do so

Michael J Corbett  2/7/08
Michael J Corbett
11523 Villa Ct
Alsip IL 60803
P.O. Box 089002
Chicago IL 60608
20070064752

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT

STATE OF ILLINOIS                          COUNTY OF COOK

People of the State of Illinois

Plaintiff

vs.

Michael J Corbett

Defendant

**FILED**

DEC 05 2007

**DOROTHY BROWN**
CLERK OF CIRCUIT COURT

## MOTION TO DISMISS

NOW COMES THE DEFENDANT, MICHAEL J CORBETT, PROPRIA PERSONA, and moves this Honorable Court to dismiss the criminal charges against him and in support thereof, states the following

The defendant is charged with violating the Harassing and obscence Communications Act. The following statutes are referred to in this Motion

720 ILCS 135/1-1 Harassment by Telephone - Harassment by telephone is use of telephone communication for any of the following purposes

(2) Making a telephone call, whether or not conversation ensues, with intent to abuse, threaten or harass any person at the called Number

20 ILCS 5/4-4 Intent - A person intends, or acts intentionally, or with intent, to accomplish a result or engage in conduct described by the statute defining the offense, when his conscious objective or purpose is to accomplish that result or engage in that conduct.

1.f4

725 ILCS 5/107-3 Arrest by a Private Person  —  Any person may arrest another when he has reasonable grounds to believe that an offense other than an ordinance violation has been committed

725 ILCS 5/107-5 Method of Arrest —(a) An arrest is made by an actual restraint of the person

725 ILCS 5/107-7 Persons Exempt From Arrest —(d) Judges, attorneys, clerks, sheriffs and other court officers shall be privalaged from arrest while attending court and while going to and from court.

## BACKGROUND

The facts in this case are not in dispute. The defendant, on the morning of    , 2007, at 9:00 A.M., reported to his probation officer, Mary McCarthy. Mary McCarthy asked the defendant if he was ready to give his DNA, and stated that there was somebody in the office prepared to collect the DNA. A perplexed defendant asked "Why"? Mary McCarthy responded that any person convicted of a felony in the State of Illinois has to give up his DNA. The defendant responded that he pled guilty to a misdemeanor and had never been convicted of a felony. Mary McCarthy responded by turning her computer screen towards the defendant and pointing to the word felony several times and stating, it says felony right here. The defendant responded by standing up and telling her that the information is inaccerate and that when she gets this straightened out, call him and let him know when the next appointment is, and walking out

2 of 4

The defendant went home, called Mary McCarthy, and after receiving her answering machine left the following message (to the best of his recollection) and recorded the same on his MP3 player.

This conversation is being recorded
If you do your due dilligence, you should be able to find out in less than 10 minutes that the defendant has no felony convictions. If you issue a warrant for the defendants arrest, the defendant will follow you home, ~~then~~ tie you up, throw you in the back seat of his car, drive you down to the ~~the~~ Dirkson building and have you arrested for violating his civil rights

## ANALYSIS

The defendant told Mary McCarthy that if she failed to do her job she would be violating the defendants civil rights. If she issued a warrant she would be unlawfully restraining the defendant, thus violating the defendants civil rights, a crime punishable by up to 1 year in federal prison, the (citation not yet available) defendant would pursuant to 785 ILCS 5/107-7, follow her home, pursuant to 785 ILCS 5/107-5, tie her up, throw her in the back seat of his car, (police officers THROW people in jail 80 gazillion times every day), drive her down to the Dirkson building, violations of a persons civil rights is a federal crime, and pursuant to 785 ILCS 5/107-3 have her arrested for violating the defendants civil rights. As Gomer Pyle used to say in his high pitched voice, CITIZENS ARREST, ~~CITIZENS ARREST.~~

3.f4

# ARGUMENT

To convict a person of a crime, each and every element of the crime must be proven beyond a reasonable doubt. Intent is an element of the crime of phone harassment. The phone recording taken as a whole, (which this court must do) proves that the defendants conscious objective was to convince Mary McCarthy that she had no authority to take the defendants DNA, (An act which violates the defendants civil rights) and that if she unlawfully restrained the defendant for refusing to give his DNA she would be violating the defendants civil rights.

If what the defendant told Mary McCarthy rises to the level of phone harassment, then Comed cannot call a homeowner and tell them they are close to getting their electricity shut off, a homeowner cannot call a newspaper and tell them if the newspaper boy throws thier paper in the bushes one more time they will cancel, A teacher cannot call a parent and tell them if thier kid does not shape up they will have to flunk them, a probation officer cannot tell thier client that if they miss thier meeting she will violate them, and ~~either~~ a parent cannot tell their children that if they are not home in 10 minutes they are grounded

WHEREFORE, THE DEFENDANT, MICHAEL J CORBETT, PROPRIA PERSONA PRAYS, that this Honorable Court dismiss the criminal charges against the defendant with prejudice.

Michael J Corbett

12/4/05

4 of 4

CCG N002-300M-2/24/05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____

v.

MICHAEL CORBETT

No. 07 MC5 006044-01

## ORDER

THIS CAUSE COMING TO BE HEARD BEFORE THE HONORABLE WILLIAM PHELAN. ON 12·27·07 AND THAT THE FOLLOWING IS ORDERED.

1. THAT THE DEFENDANT BE GIVEN ACCESS TO THE LAW LIBRARY WHILE IN THE CUSTODY OF THE COOK COUNTY SHERIFF FOR A TOTAL OF FIVE (5) HOURS PER WEEK.

ENTERED
DEC 2 7 2007
DOROTHY BROWN
CLERK OF CIRCUIT COURT

Atty. No.: _____

Name: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

ENTERED:

Dated: _____12·27·07_____

_____
Judge

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Bridgeview Police
5/120          IL0161100       AUGUST 10,2007 RM 105 1:30 P.M.          10220 S. 76th Avenue
(Court Branch #      (Arresting Agency #)      (Court Date/Time)                  Bridgeview, IL. 60455
or District #)

**MISDEMEANOR COMPLAINT**   (This form replaces CCG-0655, CCMC-0222 & CCMC-0225)          (Rev. 2/11/04)CCCR-0655

**Class B**          **IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

The People of State of Illinois,
                                          **Bridgeview Police**
                                Plaintiff
                                          NO. _075006044_
        -v-
                                          &001   Bridgeview Case #07-09861
      MICHAEL   CORBETT
                                Defendant

        MARY MC CARTHY
_____          complainant, now appears before
      (Complainants Name Printed or Typed)

The Circuit Court of Cook County and states the following:

That: ____MICHAEL   CORBETT____ of ___11523 S. VILLA  ALSIP, IL  60803___ has, on or about
              (defendant)                    (address)

___7/20/2007___ at the location of ___10220 S 76TH AVE BRIDGEVIEW,COOK CO IL___
      (date)                                    (place of offense)

committed the offense(s) of          **HARASSMENT BY TELEPHONE**          in that he
made a telephone call to the work place of MARY MC CARTHY in Bridgeview, Illinois, with the intent
to threaten MARY MC CARTHY.

in violation of ___720___ Illinois Compiled Statutes ___135___ / ___1-1___
              (Chapter)                              (Act)        (SubSection)

**AOIC Code**

| 8 | 2 | 9 | 2 | 1 | 0 | 0 |
|---|---|---|---|---|---|---|

                                      _Mary M¢Carthy_
                                      (Complainants Signature)
                                      10220 S. 76TH AVE BRIDGEVIEW, IL  60455
                                      (Complainants Address)
                                      708-974-6500
                                      (Complainants Telephone)
STATE OF ILLINOIS }
COOK COUNTY      } ss:          **MARY MC CARTHY**
                                      (Complainants Name Printed or Typed)

The Complainant, being duly sworn on oath, deposes and says that she read the foregoing complaint by her
subscribed and that the same is true.
                                      _Mary M¢Carthy_
                                      (Complainants Signature)

Subscribed and sworn before me on this _25th_ day of _July 2007_

_Dorothy Brown_
(Judge's/Clerk's/Law Enforcement Officer's Signature)          (Law Enforcement Officer's Badge Number)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am
satisfied that there is probable cause for filing same. Leave is given to file said complaint.

**SUMMONS ISSUED**  Judge _____
        or                                                  Judge's No.
**WARRANT ISSUED**  Ball set at:     **$1000.00 (10%)**
        or
**BAIL SET AT:** _____ Judge _____
                                                            Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
                  **ORIGINAL COPY**

                                                            1 of 1

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT

STATE OF ILLINOIS                          COUNTY OF COOK

People of the State of Illinois
   Plaintiff

      vs

Michael J Corbett
   Defendant

**FILED**

DEC 05 2007

**DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

### MOTION TO REDUCE BAIL

NOW COMES THE DEFENDANT, MICHAEL J CORBETT, PROPRIA PERSONA, and moves this Honorable Court to reduce the defendant's bail to an I-bond and in support thereof states the following.

### BACKGROUND

Sometime before August 27th, 2007, a warrant was issued for the defendant for violation of Harrassing and Obscene Telecommunication act, a class B misdemeanor. Bond was set at $100,000. Bond for a class B misdemeanor is normally $1,000. The reason for such a high bond is unknown, however it could not be because the defendant was on probation, as the probation judge has discretion and jurisdiction to set a bond for Violation of Probation, (V.O.P.) or in the alternative issue a No bond hold. Be that as it may, the judge in this instant case set an unconscienable $100,000 for a class B misdemeanor. The defendants 1st cellmate was facing his 6th bit for residential burglery and with the enhanced sentencing law was facing 6 to 30 years and his bond was $90,000. The defendant is facing 180 days, 90 days after good time. Bond was set at an Ex Parte communication with the defendant not present. The defendant has no clue why there was such a high bond. As a result the defendant has already served 101 days of a possible 90 day sentence. Bond is a tool used by judicial officers to ensure that a defendant appears in court. Bond should never be used for punishment, yet the defendant has already been

punished 11 days pass the maximum time he could recieve.

On Sept. 25, the Public Defender tried to hold what he called a bond reduction hearing. This more correctly should have been called a bond hearing as the first bond hearing was an Ex Parte communication. The State is allowed to tell the Judge of convictions the defendant has had in the past 10 years. The ASA told the Judge of a felony in 2005 and a misdemeanor in 2006. This would be her conclusion that the defendant was a violent person. The ASA told the Judge of a Misdemeanor theft of service in 2005. This would be her conclusion that the defendant was a flight risk.

In actuality, the felony in 2005 and misdeamenor in 2006 were the same case, and in fact was a battery of an insulting and provocative Nature. The fact that the misdemeanor conviction was originally a felony charge is of no moment to this court and the ASA should never had mentioned it. Answering further, if the ASA believes that the defendant is a danger to society, she will have to go all the way back to 1979 to find the one person who claims I injured them. In Officer Whipple of the Chicago Police Dept, 63rd + St Louis division, claims that I hit him and he fell over and broke 2 fingers on his hand. In actuality he broke his 2 fingers on his punching hand and broke my jaw. If gambling were legal, the defendant would lay 20 to 1 on the money that if asked about the events in 1979, Officer Whipple would take the 5th.

In actuality, the misdemeanor theft of services charges in 2005, were not only not a conviction, but was an aquittal by operation of a P

law. Answering further, the A.S.A. will never find a moral turpitude charge in the background of the 50 years of the defendants life, yet this is the basis for her conclusion that the defendant was a flight risk.

## ANALYSIS

The defendant is not, can never have been, and is no longer a flight risk. Even if the defendant is found guilty of the charge and is sentence to the maximum time, he has already served that time.

The defendant is also not dangerous, even if he is released, he told the alleged victim that he would personally arrest her if she violated the defendants civil rights. She is not going to put a warrant for my arrest or a hold on my person for refusing to give my DNA. Her boss has assured me that the inaccurate record is in Cook County Propation Depts computer and not in the States computer.

WHEREFORE, THE DEFENDANT, MICHAEL J CORBETT, PROPRIA PERSONA, prays that this Honorable Court grants the defendants motion and reduces his bond to an I bond, and grants any other relief which is just and appropriate

Michael J Corbett

Michael J Corbett

11523 S Villa Ct, Apt 3C

ALSIP IL 60803

12/4/07

3 of 3