## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1079 | **DATE** | February 28, 2008 |
| **CASE TITLE** | U.S. ex rel. Michael Corbett (#2007-0064752) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Petitioner Michael Corbett, currently incarcerated at Cook County Department of Corrections, has filed a petition for habeas corpus relief and has paid the $5 filing fee. However, review of the petition reveals that petitioner is not entitled to relief from this Court at this time. The petition is dismissed. *See* Rule 4, Rules Governing § 2254 Cases. Petitioner's motion for an emergency hearing [3] is denied. This case is terminated.

■  **[For further details see text below.]**                                   Docketing to mail notices.

---

## STATEMENT

Petitioner, Michael Corbett, currently incarcerated at Cook County Jail, has filed a *pro se* petition for a writ of habeas corpus. Petitioner seeks review of the $100,000 bond set by the Illinois trial court, which he asserts is too high. Petitioner also states that he has been incarcerated for 136 days, which he contends may be counted as 272 days considering day for day credit under Illinois law, for a misdemeanor charge, the sentence for which is at most 180 days.

Petitioner seeks habeas relief with respect to pending criminal charges. Although his petition was filed under 28 U.S.C. § 2254, federal habeas relief for a pretrial detainee awaiting trial is available only under 28 U.S.C. § 2241. *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001). However, federal courts do not interfere with pending state criminal proceedings except in special circumstances, and only after the petitioner has exhausted state court remedies. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Special circumstances are generally limited to issues of double jeopardy and speedy trial. *See Braden*, 410 U.S. 484, 488-90 (addressing a speedy trial claim); *Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir.1992); *Blanck v. Waukesha County*, 48 F. Supp.2d 859, 860 (E.D. Wisc. 1999) (discussing double jeopardy claims); *see also Williams v. Bush*, 2007 WL 3197202, *1 (E.D. Mo. Oct 26, 2007).

**(CONTINUED)**

|  | isk |
|---|---|

**STATEMENT (continued)**

The current petition does not present special circumstances; nor has petitioner exhausted his claims. Though petitioner states that he has been incarcerated for 136 days for a misdemeanor charge, the petition specifically seeks federal habeas review of the amount of the bond set by the Illinois trial court. Such a claim presents neither a special circumstance nor a cognizable federal habeas claim. *U.S. ex rel. Nistler v. Chrans*, 720 F. Supp. 115, 116 (N.D. Ill. 1989) (*citing Pulley v. Harris*, 465 U.S. 37, 41 (1984) (challenges to a bail in a state criminal proceeding concern issues of state law not cognizable in a federal habeas proceeding). Even if petitioner's statements about his incarceration for 136 days could be construed as a claim cognizable under § 2241, it is clear from his petition that he has not exhausted this claim. Petitioner discusses several motions he filed in the trial court, and he attaches to his current petition two of them: one challenging the bond amount; the other challenging the merits of the current criminal charges. However, none of his motions concerned the length of his pretrial incarceration. This Court will not consider any pretrial habeas claims, unless and until petitioner exhausts his state court remedies by first presenting his claims to the state courts. Accordingly, the current petition is dismissed, and his motion for a hearing before this Court is denied.